THE UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PHH Mortgage Corporation, | ) | CASE NO.:  5:11CV1939 |
| | ) | |
| Appellant, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Harold A. Corzin, Trustee, et al., | ) | |
| | ) | |
| Appellees. | ) | |

Appellant PHH Mortgage Corporation ("PHH") appeals the bankruptcy court's denial of its motion to vacate default judgment.  PHH timely filed its brief, and Appellees Harold Corzin, Trustee, and Cindy Stuttler timely filed their response briefs.  PHH then filed its reply briefs and the matter is now ripe for review by this Court.  This Court AFFIRMS.

**I. Facts**

Stuttler executed a promissory note and mortgage on May 23, 2003 for real estate located at 1124 Terrell Drive, Akron, Ohio 44313.  The mortgage was executed by Stuttler, her sister Tamara Chopek-Lee, and her sister's husband Jurgen Lee. The mortgage was properly recorded and later assigned to PHH.  On August 14, 2008, the Lees deeded their interest in the property to Stuttler.

On June 29, 2009, the Lees filed their Chapter 7 bankruptcy petition.  Because the transfer of the real property occurred within one year of the petition, Corzin, as trustee, instituted an adversary proceeding seeking to invalidate and avoid the transfer.  Corzin

initiated the adversary proceeding on November 2, 2009. The proceeding recognized PHH's possible interest in the property and required that PHH set forth its interest or forever be barred from doing the same. PHH did not answer the complaint and Corzin filed a motion for default judgment on May 4, 2010. Default judgment was entered on May 4, 2010, finding that PHH had no interest in the property. On April 13, 2011, PHH moved to vacate the default judgment. PHH then amended its motion to vacate in order to concede that it had been properly served with the complaint. On August 2, 2011, the bankruptcy court denied the motion to vacate. PHH timely appealed that decision to this Court.

## II. Legal Standard

The Sixth Circuit has explained the differing standards of review that apply for Rule 60(b)(4) and 60(b)(6) as follows:

> When relief from a default judgment is sought pursuant to Rules 60(b)(1) and 60(b)(6), we review the district court's decision under the "abuse of discretion" standard. *In re Walter*, 282 F.3d 434, 440 (6th Cir. 2002). "Abuse of discretion is defined as a definite and firm conviction that the trial court committed a clear error of judgment." *Amernational Indus., Inc. v. Action-Tungsram, Inc.*, 925 F.2d 970, 975 (6th Cir. 1991) (citation and quotation marks omitted). A clear example of an abuse of discretion occurs where the district court fails to consider relevant "facts upon which the exercise of its discretionary judgment is based." *Walter*, 282 F.3d at 440 (citation omitted).

> When relief from a default judgment is sought under Rule 60(b)(4), however, we review the district court's decision de novo. *General Star Nat'l Ins. Co. v. Administratia Asigurarilor de Stat*, 289 F.3d 434, 437 (6th Cir. 2002). This is because Rule 60(b)(4) authorizes relief from judgment where a judgment is void for lack of jurisdiction, and denying a motion to vacate a void judgment is a per se abuse of discretion. *See Eglinton v. Loyer*, 340 F.3d 331, 335-36 (6th Cir. 2003) (holding that a default judgment was not void because the bankruptcy court that entered the judgment had proper jurisdiction over the party seeking relief).

*Burrell v. Henderson*, 434 F.3d 826, 831 (6th Cir. 2006).  The Sixth Circuit has also cited approvingly cases from outside the Circuit on the standard used to review 60(b)(4):

> Other circuits have determined, as quoted by the Eighth Circuit in *Kocher v. Dow Chem. Co.*, 132 F.3d 1225, 1230 (8th Cir. 1997), that a Rule 60(b)(4) motion will succeed only if the lack of subject matter jurisdiction was "so glaring as to constitute 'a total want of jurisdiction,'" (quoting *Kansas City S. Ry. v. Great Lakes Carbon Corp.*, 624 F.2d 822, 825, (8th Cir.)(en banc), cert. denied, 449 U.S. 955, 101 S.Ct. 363, 66 L.Ed.2d 220 (1980)), or "'no arguable basis' for jurisdiction existed," (quoting *Nemaizer v. Baker*, 793 F.2d 58, 65 (2d Cir. 1986)).

*In re G.A.D., Inc.*, 340 F.3d 331, 336 (6th Cir. 2003).

### III. Analysis

PHH raises arguments under both 60(b)(4) and 60(b)(6).  The Court will independently address each argument.

PHH first contends that the bankruptcy court lacked subject matter jurisdiction to enter any order that avoided the mortgage.  PHH also appears to contend that the bankruptcy court's order exceeded the relief requested in the complaint.

The Court first resolves this latter argument – that the relief exceeded that requested in the complaint.  The complaint requested that "all parties be required to set forth their interests" in the real property or "be forever barred."  It also indicated that "the liens against the interests of the various owners of said property" would be paid from the proceeds of any sale.  PHH seizes upon this latter statement and contends that any order depriving them of the sale proceeds exceeded the scope of the requested relief.  PHH, however, ignores, that the complaint **first** sought to determine the extent of any liens and sought to extinguish any liens that were not properly presented.  The bankruptcy court's order provided the precise relief sought in the complaint – forever barring any person

3

from setting forth an interest in the property if that interest was not raised in the proceeding. Accordingly, there is no merit to PHH's first argument.

PHH next contends that the bankruptcy court lacked subject matter jurisdiction because the adversary proceeding did not seek to avoid the mortgage. PHH's argument here appears to hinge upon the fact that the adversary proceeding complaint did not make any allegations that the mortgage was not properly secured or allegations that it should be set aside for any fraud or similar misconduct. PHH also appears to contend that the adversary proceeding was not a core proceeding, thereby depriving the bankruptcy court of jurisdiction to enter final judgment. The Court finds no merit in these arguments.

The Sixth Circuit has explained a bankruptcy court's jurisdiction as follows:

Title 28, chapter 6, governs the jurisdiction and powers of bankruptcy courts. Under 28 U.S.C. § 157(b)(1), bankruptcy judges may hear and determine core proceedings arising under the bankruptcy code and may enter orders and judgments in those proceedings. Core proceedings are defined in a non-exclusive list at section 157(b)(2). The significance of whether a proceeding is core or non-core is that the bankruptcy judge may hear non-core proceedings related to bankruptcy cases but cannot enter judgments and orders without consent of all parties to the proceeding. *See* § 157(c). Without consent from the parties, a district judge must make final determinations after considering the findings and conclusions of the bankruptcy judge and after conducting de novo review of matters to which any party has timely objected. *Id.* Section 157(b)(3) provides that the bankruptcy judge shall determine if a proceeding is core or related either on any party's timely motion or on the judge's own motion. In making the ruling, the court looks at the form and the substance of the proceeding. *Sanders Confectionery Prods., Inc., v. Heller Fin., Inc.*, 973 F.2d 474, 483 (6th Cir. 1992) (citing *In re Wolverine Radio Co.*, 930 F.2d 1132, 1144 (6th Cir. 1991)). "A core proceeding either invokes a substantive right created by federal bankruptcy law or one which could not exist outside of the bankruptcy." *Id.*

*In re G.A.D.*, 340 F.3d at 336. In the instant matter, the bankruptcy court concluded that the matter was a core proceeding under 28 U.S.C. § 157(b)(2)(K), which provides that core proceedings include "determinations of the validity, extent, or priority of liens[.]"

PHH claims error in this conclusion because Corzin did not challenge the validity of its lien.  PHH, however, ignores that Corzin sought an order that would allow the sale of the property.  Corzin also sought relief that would include proper payments to any and all parties that had liens on the property.  In order to effectuate this relief, it was necessary for the bankruptcy court to ascertain the extent and priority of all existing liens.  Accordingly, the Court finds no error in the bankruptcy court's determination that this was a core proceeding.

PHH offers a lengthy argument regarding *Stern v. Marshall*, 131 S.Ct. 2594 (2011) and its applicability to these proceedings.  In so doing, PHH asserts that any claim against it "is in no way derived from or dependent upon bankruptcy law; it is a state tort action that exists without regard to any bankruptcy proceeding." *Id.* at 2618.  In so doing, however, PHH ignores the nature of the adversary proceeding.  Within that proceeding, Corzin sought to avoid the transfer from the Lees to Stuttler – a cause of action that exists solely through bankruptcy.  Moreover, Corzin then sought a determination of the extent, validity, and priority of liens on the property – a core proceeding under 28 U.S.C. § 157, as detailed above.  Accordingly, the Court finds no merit in the contention that *Stern* dictates reversal of the bankruptcy court's order.  This is not an instance involving the application of state law that only an Article III judge could resolve.

Furthermore, the Court finds no merit in PHH's argument that by recording its mortgage that it could never be required to set forth its rights in a legal proceeding.  Corzin effectively sought to foreclose on the property following the avoidance action.  PHH cannot possibly contend that its rights in property subject to foreclosure are protected *solely* by virtue of a recorded mortgage.  Indeed, this Court has found no

5

authority for such a position.  Rather, the act of recording places others on notice of the interest and requires PHH to be included in any litigation involving the property.  Herein, PHH properly received notice of a proceeding that could, *by its very requested relief*, terminate its interest if it was not properly asserted.  PHH took no action to protect its interest.  Accordingly, the Court finds no merit in the argument that the bankruptcy court lacked subject matter jurisdiction to enter its order.

PHH also claims that the bankruptcy court abused its discretion in denying relief under Rule 60(b)(6).  The Sixth Circuit ""adheres to the view that courts should apply Rule 60(b)(6) only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989); *see also East Brooks Books, Inc. v. City of Memphis*, 633 F.3d 459, 465 (6th Cir. 2011).

Within its brief, PHH makes no effort to differentiate its claim under 60(b)(6), instead relying upon its argument that the bankruptcy court lacked jurisdiction to enter its order.  Accordingly, PHH has offered no argument in support of any error in the denial of its request under this subsection.  As such, the Court finds no error in the denial of the motion to vacate under 60(b)(6).

## IV. Conclusion

PHH's assignments of error are overruled.  The judgment of the bankruptcy court is AFFIRMED.

IT IS SO ORDERED.

September 12, 2012             */s/ John R. Adams*_____
                               JUDGE JOHN R. ADAMS
                               UNITED STATES DISTRICT COURT

6